**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0051-18T4
      A-0257-18T4

JEFFREY ZIEMBA,

  Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and MOL (AMERICA) INC.,

  Respondents.

_____

Submitted October 7, 2019 – Decided December 10, 2019

Before Judges Rothstadt and Moynihan.

On appeal from the Board of Review, Department of Labor, Docket Nos. 149,516 and 149,519.

Jeffrey Ziemba, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Sean Patrick Havern, Deputy Attorney General, on the briefs).

Respondent MOL (America) Inc. has not filed a brief.

PER CURIAM

In these back-to-back appeals, which we have consolidated for purposes of this decision, Jeffrey Ziemba appeals from the Board of Review's final agency decisions imposing a disqualification for unemployment benefits because he left work voluntarily without good cause and holding him liable for a refund of benefits paid for two separate periods. Appellant contends in separate merits briefs:

> POINT ONE
>
> THE APPEAL TRIBUNAL ERRED DENYING UNEMPLOYMENT BENEFITS TO APPELLANT SINCE HIS EMPLOYMENT WAS INVOLUNTARILY TERMINATED.
>
> POINT TWO
>
> THE DEPARTMENT OF LABOR FAILED TO ENFORCE THE UNEMPLOYMENT COMPENSATION LAW STATUTE PROVISION ENCOURAGING EMPLOYERS TO PROVIDE MORE STABLE EMPLOYMENT.
>
> POINT THREE
>
> THE DEPARTMENT OF LABOR FAILED TO PROVIDE EQUAL PROTECTION UNDER THE [FOURTEENTH] AMENDMENT OF THE CONSTITUTION BY DENYING APPELLANT BENEFITS THAT ARE ROUTINELY GRANTED TO OTHER CLAIMANTS IN THE SAME CIRCUMSTANCES.

A-0051-18T4

and

POINT ONE

THE DECISION THAT THE APPEALS TRIBUNAL AND BOARD OF REVIEW RELIED ON TO DISQUALIFY APPELLANT FROM ENTITLED BENEFITS WAS INCORRECT AND ONCE OVERTURNED REQUIRES THE OVERTURNING OF THIS DECISION.

We are unpersuaded by these arguments and affirm both Board decisions.

On an appeal from a deputy's re-determination that appellant was disqualified for benefits, the Appeal Tribunal found appellant, having been informed in October 2016 of a planned 2018 closing of his employer-company before he reached his sixtieth birthday at which he would have qualified for post-retirement medical benefits, advised his employer that unless it "restructured his existing salary[,] he was providing his two[-]week notice of voluntary resignation." The Appeal Tribunal ruled appellant was disqualified for benefits under N.J.S.A. 43:21-5(a) because he left work voluntarily without good cause attributable to such work, finding his decision to tender his resignation notice

> was based upon his recognition that his position could be eliminated some [two] years into the future, at which time the claimant would not have reached the qualifying age in order to be eligible for his retirement medical benefits. The claimant has provided no

evidence that a layoff was imminent, as his position was safe for the foreseeable future. While this lack of medical benefits before age [sixty] is an unfortunate situation involving the mandatory age requirement for these benefits in question, the matter is a personal circumstance, unrelated to the actual working conditions. Further, there was no proof provided to show that the employer was contractually obligated to restructure the claimant's salary when the request was made. As the claimant's resignation date was effective for [November 18, 2016], which preceded the date of claim, the claimant is disqualified for benefits as of [November 13, 2016], under N.J.S.A. 43:21-5(a), as the claimant left work voluntarily without good cause attribute to such work.

The Appeal Tribunal also determined appellant was liable, pursuant to N.J.S.A. 43:21-16(d), for a refund of $2628 in benefits paid.

In a separate appeal from the Director of the Division of Unemployment and Temporary Disability Insurance's request for a refund imposing liability to refund $16,425 in paid benefits, the Appeal Tribunal applied N.J.S.A. 43:21-16(d) and ruled appellant was obligated to refund the amount paid to which he was not entitled based on the prior decision holding appellant disqualified for benefits.

Our review of decisions by administrative agencies is limited. In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). An agency's determination must be sustained "unless there is a clear

A-0051-18T4

showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27-28 (2007)). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result[.]'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). The burden of proof rests with the employee to establish a right to collect unemployment benefits. Brady, 152 N.J. at 218.

New Jersey's Unemployment Compensation Law, N.J.S.A. 43:21-1 to -71, provides in pertinent part that an individual who leaves "work voluntarily without good cause attributable to such work" is disqualified from receiving unemployment benefits "[f]or the week in which the individual has left work voluntarily without good cause attributable to such work" until such time as the individual becomes re-employed, works eight weeks, and earns "in employment at least ten times the individual's weekly benefit rate[.]" N.J.S.A. 43:21-5(a). The statute does not define "good cause." That term, however, has been construed to mean a "'cause sufficient to justify an employee's voluntarily leaving the ranks of the employed and joining the ranks of the unemployed.'"

A-0051-18T4

Brady, 152 N.J. at 214 (quoting Domenico v. Bd. of Review, 192 N.J. Super. 284, 287 (App. Div. 1983)).

Appellant's testimony at the June 5, 2018 Appeal Tribunal hearing supports the Appeal Tribunal's determination that he left employment without good cause; he recounted:

> [O]n November 4[, 2016] I requested that my salary be restructured. The restructuring I proposed would[] have been cost free to the company and entailed my dropping . . . company[-]provided medical insurance and increasing my salary. On that date I stated that if the company didn't agree to the salary restructuring that I would resign in two weeks. . . . The company chose the latter and summarily told me to leave immediately . . . . It should be noted that the company paid me for a week or two after November 4[] in spite that I was no longer working.

The company's declination of appellant's unilateral demand that the employer restructure his compensation, which the employer had no obligation to do, did not amount to good cause attributable to work sufficient to justify his leaving work. Nor did the distant company closing justify appellant's leaving employment. See N.J.A.C. 12:17-9.5 (allowing unemployment benefits to individuals "notified by the employer of an impending layoff or discharge" resulting in separation from employment within sixty days); see also Brady, 152 N.J. at 217-18.

A-0051-18T4

Furthermore, the employer's acceptance of appellant's resignation and resultant separation "shall be reviewed as a voluntarily leaving work issue as of the effective date of the resignation." N.J.A.C. 12:17-9.7(a).

The record supports the Board's decision to affirm the Appeal Tribunal's determination that appellant left work voluntarily without good cause. We will not disturb that decision.

Inasmuch as appellant was disqualified for benefits, he was statutorily obligated "to repay those [paid] benefits in full." See N.J.S.A. 43:21-16(d)(1). We, therefore, affirm the Board's decisions affirming the Appeal Tribunal's determinations that appellant was liable to refund both $2628 and $16,425.

To the extent not here addressed, we determine appellant's remaining arguments to be without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0051-18T4